UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

EON SHEPHERD,

                Plaintiff,         9:04-CV-655

    v.

CAPTAIN WENDERLICH; DEPUTY WEST;
SERGEANT POST; OFFICER TWEDT; N.A.
SMITH; N.P. PARMER; NURSE KIM PEORIA;
NURSE FAIRCHILD; DR. CANFIELD; and
NURSE SULLIVAN,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| EON SHEPHERD<br>Plaintiff, Pro Se<br>96-A-0356<br>Five Points Correctional Facility<br>Caller Box 119<br>Romulus, NY 14541 | |
| GREEN & SEIFTER, PLLC<br>Attorneys for Plaintiff (Trial Counsel)<br>110 West Fayette Street, Suite 900<br>Syracuse, NY 13202 | HARRISON V. WILLIAMS, JR., ESQ.<br>DAFNI S. KIRITSIS, ESQ. |
| HON. ANDREW M. CUOMO<br>Attorney General of the<br>  State of New York<br>Attorney for the Defendants<br>Department of Law<br>The Capitol<br>Albany, NY 12224 | HEATHER R. RUBINSTEIN, ESQ.<br>Asst. Attorney General |

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION AND ORDER**

I. **INTRODUCTION**

Plaintiff—a New York State prisoner—sued pro se numerous defendants[1] for alleged violations of his First Amendment right to free exercise of religion and his Eighth Amendment right to be free from cruel and unusual punishment.  Pursuant to an order signed by the Hon. David R. Homer, United States Magistrate Judge, plaintiff was assigned pro bono trial counsel in April 2009.  The trial took place between May 11 and May 14, 2010.  The jury found that defendants Twedt and Post violated plaintiff's constitutional rights, awarded $1.00 in actual damages, and found no cause for action against the remaining defendants.  Judgment on the verdict was entered on May 17, 2010.

Plaintiff filed a motion for post-trial relief on June 1, 2010.  Plaintiff originally sought attorneys' fees totaling $99,485.25, later reduced to $46,575.00; judgment as a matter of law against defendants West, Wenderlich, and Parmer; and an order setting aside the jury award as inadequate and unjust.  Defendants have opposed.

II. **DISCUSSION**

   A. **Plaintiff Is A "Prevailing Party"**

Pursuant to 42 U.S.C. § 1988(b), a court has the discretion to award reasonable attorneys' fees to a "prevailing party" in, inter alia, civil rights litigation.  To achieve "prevailing party" status, a plaintiff must secure a judicially sanctioned material alteration of the legal relationship between the parties.  Buckhannon Bd. & Care Home, Inc. v. W. Va.

---

[1] Plaintiff named 17 defendants in his amended complaint; eight were granted judgment on the pleadings and one was dismissed without prejudice.  Dkt. No. 124.

Dep't of Health & Human Res., 532 U.S. 598, 604, 121 S. Ct. 1835, 1840 (2001); Perez v. Westchester Cnty. Dep't of Corr., 587 F.3d 143, 149 (2d Cir. 2009).

As noted above, the jury found that defendants Twedt and Post violated plaintiff's constitutional rights and he was awarded $1.00 in actual damages. Although small, the $1.00 jury award constitutes a judicially enforceable judgment that altered the legal relationship between the parties.[2] Thus, plaintiff is a prevailing party for the purposes of section 1988(b), and reasonable attorneys' fees may be awarded. However, before any award can be determined, we must consider the Prison Litigation Reform Act ("PLRA").

### B. Applicability Of 42 U.S.C. § 1997e(d)

The PLRA states in pertinent part:

> (1) In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that –
>   (A) the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and
>   (B)(i) the amount of the fee is proportionately related to the court ordered relief for the violation; or
>   (ii) the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.
>
> (2) *Whenever a monetary judgment* is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

---

[2] The classification of this award as "actual" or "nominal" is irrelevant since even nominal awards are sufficient to provide "prevailing party" status. See Farrar v. Hobby, 506 U.S. 103, 112, 113 S. Ct. 566, 573 (1992) (plaintiff who was awarded nominal damages of $1.00 was "prevailing party").

- 3 -

> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006A of Title 18 for payment of court-appointed counsel.

42 U.S.C. § 1997e(d) (emphasis added). Since a monetary judgment was awarded by a jury in the instant matter, the award of attorneys' fees is "directly governed by 42 U.S.C. § 1997e." Livingston v. Lee, No. 9:04-CV-607, 2007 WL 4440933, at *1 (N.D.N.Y. 2007) (Singleton, J.).

As a threshold matter, plaintiff has shown that the fees incurred were directly related to proving an actual section 1983 violation. As noted above, the jury found that defendants Twedt and Post violated plaintiff's constitutional rights and caused actual damages. The verdict was directly related to plaintiff's efforts at trial, for which he reasonably incurred attorney fees and costs. Section 1997e(d)(1) is satisfied.

Although somewhat awkwardly worded, it has been repeatedly held that section 1997e(d)(2) "places a cap on attorney's fees of 150 per cent of the amount of damages awarded." Id. at *2; see Torres v. Walker, 356 F.3d 238, 242 (2d Cir. 2004) (holding that "the PLRA effectively caps a defendant's liability for attorneys' fees in a prisoner's § 1983 action at 150% of a money judgment"); see also Pearson v. Wellborn, 471 F.3d 732 (7th Cir. 2006); Robbins v. Chronister, 435 F.3d 1238 (10th Cir. 2006); Dannenberg v. Valadez, 338 F.3d 1070 (9th Cir. 2003); Walker v. Bain, 257 F.3d 660 (6th Cir. 2001); Foulk v. Charrier, 262 F.3d 687 (8th Cir. 2001); Boivin v. Black, 225 F.3d 36 (1st Cir. 2000).

Thus, in this case, the maximum attorneys' fees that may be awarded is $1.50 ($1.00 x 1.5). Further, section 1997e(d)(2) requires the court to apply a portion of the monetary judgment toward the fees awarded. While the percentage allocated cannot

exceed 25%, the exact portion is up to the court's discretion.  Livingston, 2007 WL 4440933, at *2.  For purposes of simplicity, an allocation of ten percent from the $1.00 judgment, or $0.10, is imposed here.  Therefore, the total amount of attorneys' fees owed to plaintiff by defendants is $1.40.  If the judgment is paid, the plaintiff's attorneys will have to obtain the additional $0.10 directly from plaintiff.

Finally, section 1997e(d)(3) does not apply because the fees awarded above are obviously not based on an hourly rate greater than that established in section 3006A.

### C. Plaintiff's Assertions Regarding Section 1997e(d)(2)

Plaintiff argues that section 1997e(d)(2) does not apply here.  Plaintiff is correct that there are certain circumstances in which the 150% limit of section 1997e(d)(2) has been deemed inapplicable.  Although there is no Second Circuit case on point, at least five other circuits have held that the fee cap contained in section 1997e(d)(2) does not restrict the amount of attorneys' fees that a court can award if non-monetary relief has also been ordered in the case.  See Pearson, 471 F.3d at 743 (following other circuits that hold section 1997e(d)(2) "inapplicable if the plaintiff secured non-monetary relief *in addition to* nominal damages"); Dannenberg, 338 F.3d at 1075 (holding that "fees incurred to obtain injunctive relief, whether or not monetary relief was also obtained as a result of those fees, are not limited by [section 1997e(d)(2)]"); Walker, 257 F.3d at 667 n.2 (advising that "if non-monetary relief is obtained, either with or without money damages, § 1997e(d)(2) would not apply"); Foulk, 262 F.3d at 703–04 n.17 (noting that "if non-monetary relief is ordered (whether with or without a monetary award), the attorney's fees cap in 42 U.S.C. § 1997e(d)(2) does not apply"); Boivin, 225 F.3d at 41 n.4 (applying the fee cap because "plaintiff sought and received only monetary relief").

Despite plaintiff's assertion that the verdict was the functional equivalent of a declaratory judgment, neither the jury nor the court awarded plaintiff any non-monetary relief. Even assuming that the verdict did amount to a declaratory judgment, such only constitutes relief "if, and only if, it affects the behavior of the defendant towards the plaintiff." Rhodes v. Stewart, 488 U.S. 1, 4, 109 S. Ct. 202, 203 (1988). The incident in which defendants Twedt and Post violated plaintiff's constitutional rights occurred at the Elmira Correctional Facility. However, when the jury verdict was rendered and judgment was entered against Twedt and Post, plaintiff resided in Five Points Correctional Facility—where he remains. Therefore, any declaratory judgment could not possibly have affected the behavior of these defendants toward this plaintiff. Accordingly, the 150% fee cap in section 1997e(d)(2) applies here because plaintiff received only monetary relief.

Plaintiff claims that awarding $1.50 in attorneys' fees on a judgment for $1.00 is "absurd." Dkt. No. 192. However, courts across the country have done just that. See Keup v. Hopkins, 596 F.3d 899 (8th Cir. 2010); Pearson, 471 F.3d 732; Robbins, 435 F.3d 1238; Foulk, 262 F.3d 687; Boivin, 225 F.3d 36; McCardle v. Haddad, 131 F.3d 43 (2d Cir. 1997) (affirming an award of $0.33 in attorneys' fees).

Plaintiff also claims that applying the fee cap here does not serve the purpose of the PLRA. Indeed, "the purpose of the PLRA . . . was plainly to curtail what Congress perceived to be inmate abuses of the judicial process." Ortiz v. McBride, 380 F.3d 649, 658 (2d Cir. 2004). Plaintiff points out that since he prevailed against defendants Twedt and Post for violations of his constitutional rights, his claim cannot be considered frivolous or an abuse of the judicial process. He is correct. However, the statutory language and

case law that clearly mandates application of the fee cap to the present matter cannot be ignored. It is up to Congress, not the courts, to set policy and craft statutes accordingly.

### D. Costs

Costs other than attorneys' fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Plaintiff has submitted an itemized list of costs and expenses. The litigation costs appear to be appropriate and reasonable. Plaintiff is therefore awarded costs in the amount of $2,124.00.

### E. Plaintiff's Remaining Requests

Plaintiff moved for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) or, in the alternative, an order setting aside the jury's verdict on damages. Upon a review of the record, these motions will be denied.

## III. CONCLUSION

Although plaintiff is a prevailing party for purposes of section 1988(b), the PLRA caps the amount of attorneys' fees that can be awarded at 150% of the monetary judgment, or $1.50. Ten percent of the $1.00 judgment, or $0.10, will be allocated toward the attorneys' fees. In addition, plaintiff will be awarded costs pursuant to Federal Rule of Civil Procedure 54(d)(1). The remaining requests in plaintiff's motion will be denied.

Therefore, it is

ORDERED, that

1. Plaintiff's motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b) is DENIED;

2. Plaintiff's motion to set aside the jury's verdict is DENIED;

3.  Plaintiff is awarded attorneys' fees against the defendants Twedt and Post in the amount of $1.40;

4.  Plaintiff is awarded costs against the defendants Twedt and Post in the total amount of $2,124.00;

5.  The Clerk is directed to enter an amended judgment in favor of the plaintiff Eon Shepherd and against the defendants Twedt and Post in the sum of two thousand, one hundred, twenty-six and 40/100 dollars ($2,126.40); and

6.  The defendants Twedt and Post may satisfy the judgment with payment of $1.00 to plaintiff Eon Shepherd and $2,125.40 to Green & Seifter, PLLC.

IT IS SO ORDERED.

_____
United States District Judge

Dated: October 26, 2010
       Utica, New York.